IN THE UNITED STATES DISTRICT COURT OF NEVADA

| | |
|---|---|
| **JAMES HENRY DILLARD II,** | : |
| | : |
| **Plaintiff,** | : **Case No. 2:24-cv-01143-APG-BNW** |
| : | |
| **vs.** | : |
| | : |
| **DAMON LOVELL, KENNETH RUCKER, MARQUIS EDWARDS,** | : |
| | : |
| **Defendant.** | : |

FILED RECEIVED
ENTERED SERVED ON
AUG 10 2024
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: AMMi DEPUTY

**MOTION TO AMEND/ REINSTATE COMPLAINT**

**COMES NOW**, the Plaintiff, James Henry Dillard II, pro se, and hereby moves this Honorable Court to reinstate the complaint in the above-captioned matter. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed the original complaint in this case alleging claims of defamation and other claims which was dismissed on the grounds that the defamation claims were state law claims and the civil rights claims were not applicable due to the Defendants being private individuals; in addition to not asserting diversity jurisdiction and particularizing damages exceeding $75,000.00, the Court dismissed the complaint for lack of jurisdiction.

2. One claim of the Plaintiff's that is applicable in the instant matter is copyright infringement which, if properly asserted in an amended complaint, would grant this court federal question jurisdiction irrespective of diversity and the amount of controversy exceeding $75,000.00 which could be further detailed and evidenced in litigation.

3. Based on the foregoing, the Plaintiff respectfully requests this Court to grant this motion to reopen the case and reinstate the complaint through accepting a copy of the amended complaint attached herein as Exhibit A.

4. The amended complaint now includes specific claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This establishes federal question jurisdiction under 28 U.S.C. § 1331 as it arises under federal law.

5. Attached hereto as Exhibit A is the Amended Complaint, which addresses the Court's concerns and establishes the necessary grounds for federal jurisdiction.

6. Reinstating the complaint serves the interest of justice, allowing the Plaintiff the opportunity to present his case and seek redress for the alleged violations of his rights. The Plaintiff has acted in good faith to correct the jurisdictional deficiencies identified by the Court.

7. Plaintiff respectfully requests that this Court:

- Reinstate the complaint in the above-captioned matter;
- Allow the case to proceed to the next appropriate stage;
- Grant any other relief the Court deems just and proper.

**WHEREFORE**, for the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion to Reinstate the Complaint.

DATED: August 8, 2024

Respectfully Submitted,

James Dillard II

**IN THE UNITED STATES DISTRICT COURT OF NEVADA**

| | |
|---|---|
| **JAMES HENRY DILLARD II,** | : |
| | : |
| **Plaintiff,** | : **Case No. 2:24-cv-01143-APG-BNW** |
| | : |
| **vs.** | : |
| | : |
| **DAMON LOVELL, KENNETH RUCKER, MARQUIS EDWARDS,** | : |
| | : |
| **Defendant.** | : |

**PROPOSED ORDER GRANTING PLAINTIFF'S**

**MOTION TO AMEND/ REINSTATE COMPLAINT**

Before the Court is Plaintiff's Motion to Reinstate Complaint. Having reviewed the motion and the relevant documents, and for good cause shown, the Court finds as follows:

- Plaintiff's original complaint was dismissed due to lack of subject matter jurisdiction. The Court's order highlighted deficiencies regarding the establishment of federal question jurisdiction and the amount in controversy for diversity jurisdiction.
- Plaintiff has submitted an amended complaint which includes claims under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., thereby establishing federal question jurisdiction under 28 U.S.C. § 1331.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reinstate Complaint is GRANTED. The Clerk of Court is instructed to reopen the case and reinstate the complaint for further proceedings consistent with this Order.

BY THE COURT:

______________________________

**IN THE UNITED STATES DISTRICT COURT OF NEVADA**

| | | |
|---|---|---|
| **JAMES HENRY DILLARD II,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-01143-APG-BNW** |
| | : | |
| **vs.** | : | |
| | : | |
| **DAMON LOVELL, KENNETH RUCKER, MARQUIS EDWARDS,** | : | |
| | : | |
| **Defendant.** | : | |

---

**AMENDED COMPLAINT**

AND NOW, comes the Plaintiff, James Henry Dillard, II, by and through himself, *pro se*, to file the instant amended complaint and in support thereof avers as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought by the plaintiff, James Henry Dillard II, against the defendants for their egregious and unlawful conduct that has caused significant harm to the plaintiff.

2. The defendants have engaged in a relentless campaign of defamation, harassment, stalking, doxing, and copyright infringement, all of which have severely impacted the plaintiff's personal and professional life.

3. The plaintiff seeks legal intervention to hold the defendants accountable for their actions, to protect his rights, and to prevent further harm. The plaintiff requests the court to grant the relief outlined in the complaint, including compensatory and punitive damages, cease and desist orders, and other appropriate measures to restore his sense of security and well-being.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims involve federal questions under the United States Copyright Act, 17 U.S.C. §

501. Additionally, this Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and the defendants are subject to personal jurisdiction in this district. Specifically, the defendants' unlawful actions, including defamation, harassment, and infringement upon the plaintiff's rights, were directed towards the plaintiff within this district, causing harm here.

## PARTIES

6. James Henry Dillard II ("Plaintiff") is an individual residing at within the territorial jurisdiction of the U.S. District Court of Nevada. Plaintiff is the aggrieved party in this action and brings forth this lawsuit seeking redress for the defendants' unlawful conduct.

7. Damon Lovell ("Lovell") 6702 Hanlon Court

Houston, TX 770838.

Kenneth Rucker ("Rucker") 5200 Town and Country BLVD

Frisco, TX 750349.

Marquis Edwards ("Edwards") aka Marquis Platt 106 Briarwood Road

Waycross, GA 3150110.

The defendants are individuals who have engaged in the conduct described in the complaint, causing harm to the plaintiff. They are the subjects of this lawsuit and are named herein for their alleged wrongful actions.

## FACTUAL BACKGROUND

11. Since June 3rd, 2023, the plaintiff, James Henry Dillard II, has been subjected to a relentless campaign of harassment, defamation, and infringement upon his rights by the defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards. This campaign has manifested across various online platforms, including YouTube, TikTok, Rumble, and Facebook, where the defendants have systematically targeted the plaintiff with defamatory and threatening statements.

12. The defendants have disseminated false and harmful information about the plaintiff, including baseless accusations of substance abuse, criminal behavior, and parental negligence. These defamatory statements, circulated widely on social media, have tarnished the plaintiff's reputation and exposed him to public ridicule and contempt.

13. Furthermore, the defendants have engaged in doxing, the malicious disclosure of the plaintiff's personal information, including his address, employment status, and family members' names. This reckless dissemination of private information has put the plaintiff and his family at risk of harm and has caused irreparable damage to his reputation and emotional well-being.

14. Of notable concern is the defendants' deliberate infringement upon the plaintiff's copyrighted materials. The defendants have unlawfully utilized and disseminated the plaintiff's copyrighted images and videos without authorization. This egregious violation of intellectual property rights has undermined the plaintiff's ability to control and profit from his creative endeavors. The defendants' unauthorized reproduction and distribution of the plaintiff's copyrighted works not only deprive him of his exclusive rights but also inflict significant financial harm.

15. Despite the plaintiff's persistent efforts to seek remedy through both informal and formal channels, including complaints to YouTube's legal department and submission of Per Se cases for infringement, harassment, defamation, and stalking, the defendants have callously persisted

in their harmful behavior. This sustained campaign of harassment and defamation has left the plaintiff feeling vulnerable, exposed, and psychologically traumatized, impacting every facet of his personal and professional life.

16. The plaintiff seeks legal intervention to hold the defendants accountable for their actions, to protect his rights, and to prevent further harm. The plaintiff requests the court to grant the relief outlined in the complaint, including compensatory and punitive damages, cease and desist orders, and other appropriate measures to restore his sense of security and well-being.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S. CODE § 501)

17. Plaintiff, James Henry Dillard II, incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Plaintiff is the rightful owner of various copyrighted images and videos, created and published by him on various online platforms, including but not limited to YouTube, TikTok, Rumble, and Facebook.

19. These creative works are protected under the United States Copyright Act, granting Plaintiff exclusive rights to reproduce, distribute, display, and perform his copyrighted materials.

20. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, without authorization, willfully and unlawfully reproduced, distributed, and displayed Plaintiff's copyrighted works.

21. Defendants utilized Plaintiff's copyrighted materials on various online platforms, including YouTube, TikTok, Rumble, and Facebook, thereby infringing upon Plaintiff's intellectual property rights.

22. Defendants' unauthorized reproduction and dissemination of Plaintiff's copyrighted works have caused substantial harm and financial loss to Plaintiff.

23. Defendants' actions deprived Plaintiff of his exclusive rights as the copyright holder and undermined his ability to control and profit from his creative endeavors.

24. Defendants' infringement of Plaintiff's copyright poses a threat to the integrity and value of his intellectual property, diminishing his ability to derive income from his creations and eroding the market for his original content.

25. Defendants' actions constitute a flagrant violation of federal copyright law, specifically 17 U.S. Code § 501, and have caused irreparable harm to Plaintiff.

26. Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants and grant any and all relief deemed necessary and applicable.

**COUNT II**

**LIBEL AND SLANDER (NEVADA REVISED STATUTES 200.510(1))**

27. Plaintiff, James Henry Dillard II, hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, deliberately disseminated false and defamatory statements about Plaintiff, both in written form (libel) and verbal form (slander).

29. The false statements made by Defendants include but are not limited to accusations of substance abuse, criminal behavior, and parental negligence.

30. Defendants communicated these false and damaging statements to third parties through various online platforms such as YouTube, TikTok, Rumble, and Facebook.

31. Defendants' actions have tarnished Plaintiff's reputation and exposed him to public hatred, contempt, and ridicule.

32. Plaintiff has suffered harm to his reputation, integrity, and standing in the community because of Defendants' false and defamatory statements.

33. Defendants' dissemination of false and damaging statements constitutes both libel and slander under Nevada Revised Statutes 200.510(1).

34. Plaintiff seeks redress for the injuries suffered because of Defendants' defamatory actions.

35. Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants and grant any and all relief deemed necessary and applicable.

## COUNT III

## HARASSMENT (NEVADA REVISED STATUTE SECTION 200.571)

36. Plaintiff, James Henry Dillard II, hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

37. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, engaged in a persistent and malicious campaign of harassment against Plaintiff.

38. This campaign included a relentless onslaught of threats, insults, and the deliberate dissemination of Plaintiff's personal information.

39. Defendants' actions created an atmosphere of intimidation, hostility, and offense against Plaintiff, as outlined in Nevada Revised Statute Section 200.571.

40. Defendants subjected Plaintiff to repeated verbal abuse, threats of physical harm, and the unauthorized disclosure of his private information.

41. Defendants' actions have left Plaintiff feeling vulnerable, exposed, and psychologically traumatized, violating his sense of safety and security.

42. Defendants' harassment disrupted Plaintiff's ability to engage in daily activities without fear of retaliation or further harm.

43. Plaintiff seeks protection and redress through the legal system to put an end to Defendants' campaign of harassment and restore his sense of safety, dignity, and peace.

45. Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants and grant any and all relief deemed necessary and applicable.

**COUNT IV**

**STALKING (NEVADA REVISED STATUTES 200.575)**

46. Plaintiff, James Henry Dillard II, hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, engaged in a pattern of conduct intended to instill fear, apprehension, and substantial emotional distress in Plaintiff, constituting stalking as outlined in Nevada Revised Statutes 200.575.

48. Defendants systematically monitored Plaintiff's activities, tracked his movements, and disseminated his personal information without consent.

49. Defendants' actions created a pervasive atmosphere of fear and vulnerability for Plaintiff, making him feel constantly watched, exposed, and under threat.

50. Defendants' conduct substantially increased the risk of harm or violence to Plaintiff, as stipulated in Nevada Revised Statutes 200.575.

51. Defendants' relentless pursuit of Plaintiff through social media platforms has left him feeling constantly under threat and exposed to potential acts of harassment, intimidation, or physical violence.

52. Defendants' actions constitute a flagrant violation of Plaintiff's privacy and personal autonomy, causing significant emotional distress and psychological harm.

53. Plaintiff seeks protection and redress through the legal system to put an end to Defendants' campaign of stalking and safeguard his safety, security, and peace of mind.

## COUNT V

## DOXING (NEVADA REVISED STATUTES (AB296))

54. Plaintiff, James Henry Dillard II, hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

55. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, deliberately and without authorization disclosed Plaintiff's personal information, including his address, employment status, and family members' names, constituting the tort of doxing.

56. Doxing involves the intentional and malicious exposure of an individual's private information without their consent, with the intent to cause harm, harassment, or intimidation.

57. Defendants' dissemination of Plaintiff's personal information on various online platforms exposed him and his family to potential harm and harassment, infringing upon his right to privacy and personal security.

58. Defendants' actions caused Plaintiff significant emotional distress, damaged his reputation, and compromised his safety.

59. Defendants' conduct violates common law principles and statutory provisions that recognize individuals' rights to privacy and prohibit unwarranted intrusion into their private affairs.

60. Plaintiff seeks protection and redress through the legal system to hold Defendants accountable for their actions and obtain compensation for the harm inflicted.

61. Based on the foregoing, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendants and grant any and all relief deemed necessary and applicable.

**COUNT VI**

**INVASION OF PRIVACY (NEVADA REVISED STATUTES (NRS) 200.650)**

62. Plaintiff, James Henry Dillard II, hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

63. Defendants, Damon Lovell, Kenneth Rucker, and Marquis Edwards, engaged in conduct constituting an invasion of Plaintiff's privacy rights under Nevada Revised Statutes (NRS) 200.650.

64. Defendants' actions, including but not limited to doxing, dissemination of false and defamatory statements, and harassment, collectively violated Plaintiff's right to privacy and caused him significant emotional distress.

65. Invasion of privacy encompasses various forms of intrusion into an individual's personal life, including the unauthorized disclosure of private information, harassment, and defamation.

66. Defendants' relentless campaign of harassment and intimidation, coupled with their dissemination of Plaintiff's personal information, constitutes a gross violation of his privacy rights.

67. Defendants' actions have not only caused Plaintiff emotional distress but have also compromised his sense of safety and security.

68. Plaintiff asserts a cause of action for invasion of privacy against the defendants, seeking redress for the harm inflicted upon him as a result of their invasive and malicious conduct.

## JURY TRIAL DEMANDED

69. Plaintiff, James Henry Dillard II, hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Henry Dillard II, respectfully requests that this Honorable Court grant the following relief:

1. Reinstatement of copyright strikes and claims against the defendants.
2. Cease and desist orders against the unauthorized use of plaintiff's copyrighted works.
3. Injunction prohibiting further threats or harassment against the plaintiff and his supporters.
4. Public apology from the defendants for their defamatory statements;
5. Permanent removal of defamatory content from affected platforms;
6. Prohibition against contacting plaintiff's friends, family, or associates for harassment purposes;
7. Compensatory damages for emotional distress and reputational harm;
8. Punitive damages in the amount of $80,000 from each defendant;
9. Declaration that defendants' actions constitute making false statements to federal agents in violation of 18 U.S.C. § 1001;
10. Enjoin defendants from further making false statements or representations to federal agents;
11. Award compensatory damages for reputational harm and emotional distress caused by defendants' false statements;
12. Award punitive damages to deter defendants and others from engaging in similar conduct in the future;

13. Grant reasonable attorney's fees and costs incurred in prosecuting this action; and

14. Grant such other and further relief as the Court deems just and proper.

DATED: August 8, 2024, Respectfully Submitted,

James Dillard II

James H Dillard II

21 Raptors View Avenue

North Las Vegas, Nevada, 89031

702-235-9194

Djtorch07@gmail.com

Plaintiff Pro Per