**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| James Dillard, | Case No. 2:24-cv-01143-APG-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Damon Lovell, et al., | |
| Defendants. | |

Before this Court is Plaintiff's motion to amend. ECF No. 7. By way of background, this Court previously granted Plaintiff leave to amend when it screened his original complaint. ECF No. 3. In turn, Plaintiff filed an amended complaint. ECF No. 5. Before this Court had a chance to screen his amended compliant, Plaintiff filed the instant motion.

Plaintiff already had to leave to amend. As such his motion is denied as moot. Nevertheless, the attachments to the instant motion do not contain an amended complaint. Instead, the attachments include a variety of different documents submitted to the Copyright Claims Court.[1] ECF Nos. 7-1 through 7-10. As explained below, these attachments do not sufficiently plead a claim for relief. As a result, this Court will allow Plaintiff to once again amend his complaint.

**I.     Analysis**

    **A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

---

[1] It is not clear whether Plaintiff intended this Court to screen his amended complaint at ECF No. 5. Given his new filming at ECF No. 7, this Court cannot screen an earlier amended complaint. Nevertheless, if that was Plaintiff's intent, he simply needs to refile the amended complaint at ECF No. 5 and this Court will screen it is due course.

granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.   Screening the Complaint**

Plaintiff's amended complaint at ECF No. 7 contains no factual allegations. *See* ECF No. 7-1 through 7-10. Instead, Plaintiff filed a variety of documents previously filed with the Copyright Claims Board. Even liberally construing Plaintiff's amended complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. As such, this Court will dismiss his claim with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Third Amended Complaint." The Third Amended Complaint must contain a short and plain statement describing the underlying case and each of the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard,

1  Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's
2  entitlement to relief.
3        Additionally, Plaintiff is advised that if he files an amended complaint, the previous
4  complaints (ECF Nos. 1-1, 5, and 7) no longer serve any function in this case. As such, the Third
5  Amended Complaint must be complete in and of itself without reference to prior pleadings or
6  other documents. The Court cannot refer to a prior pleading or other documents to make
7  Plaintiff's Third Amended Complaint complete.

8  **II.  CONCLUSION**

9  **IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 7) is denied
10 as moot.
11       IT IS FURTHER ORDERED that the Clerk of Court is directed to detach and separately
12 file ECF No. 7-1 on the docket and title it "Second Amended Complaint."
13 **IT FURTHER ORDERED** that Plaintiff's amended complaint is dismissed without
14 prejudice. If Plaintiff chooses to file a Third Amended Complaint, he must do so no later than
15 November 25, 2024. Failure to file an amended complaint that complies with this Order by the
16 deadline may result in Plaintiff's case being dismissed.

18       DATED: October 24, 2024

20  
21       BRENDA WEKSLER
      UNITED STATES MAGISTRATE JUDGE