**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| James Henry Dillard II, | Case No. 2:24-cv-01143-APG-BNW |
| Plaintiff(s), | **ORDER** |
| v. | |
| Damon Lovell, Kenneth Rucker, Marquis Edwards, | |
| Defendant(s). | |

Before the Court is Plaintiff's Third Amended Complaint (TAC). ECF No. 10. The Court previously granted Plaintiff's application to proceed *in forma pauperis* and twice screened his claims, which it dismissed with leave to amend. ECF Nos. 3 and 8. Pursuant to 28 U.S.C. § 1915(e)(2), the Court now screens Plaintiff's TAC. For the reasons discussed below, the Court dismisses Plaintiff's TAC without prejudice and with leave to amend.

## I. BACKGROUND

Plaintiff brings this TAC asserting the Court has subject matter jurisdiction under 28 U.S.C. § 1331 for count 1, copyright infringement under 17 U.S.C. § 501. ECF 10. Plaintiff alleges Defendants have reproduced and disseminated his original images and videos. *Id*. Plaintiff further contends the Court has supplemental jurisdiction under 28 U.S.C. § 1367 for counts 2–6. *Id*. These counts include state law claims for libel and slander, harassment, stalking, doxing, and invasion of privacy. *Id*.

## II. DISCUSSION

### A. Count 1: Federal Copyright Infringement Claim

To assert federal question jurisdiction, Plaintiff must have a cognizable copyright infringement claim. Copyright protections exist "in original works of authorship fixed in any tangible medium of expression." 17 U.S.C § 102(a). Pictorial and audiovisual works are protected under this provision. *Id*. at § 102(a)(5)–(6). Further, "[a]n author gains exclusive rights in her

1  work immediately upon the work's creation, including rights of reproduction, distribution, and
2  display." *Fourth Estate Public Benefit Corp. v. Wall-Street.com*, 586 U.S. 296, 300–01 (2019).
3  "The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute
4  an action for any infringement of that particular right." 17 U.S.C. § 501(b).

5  However, no action for copyright infringement can be initiated until preregistration or
6  registration of the copyright claim has been made. *Id*. at § 411. The Supreme Court has held
7  registration is akin to an administrative exhaustion requirement which the owner must satisfy
8  before initiating a suit to enforce ownership rights. *Fourth Estate*, 139 U.S. at 301. Additionally,
9  courts find a plaintiff must allege in the complaint that the copyright was filed before the
10 commencement of the suit. *Roblox Corp. v. WowWee Grp. Ltd.*, 660 F. Supp. 3d 880, 890 (N.D.
11 Cal. 2023). A plaintiff may not register a copyright after the suit commences and then file an
12 amended complaint. *Id*.

13 Plaintiff asserts a copyright infringement claim under 17 U.S.C. § 501 but does not plead
14 that he has registered a copyright. Thus, Plaintiff has not complied with the registration
15 requirement of 17 U.S.C. § 411. *See Fourth Estate*, 139 U.S. at 301. The Court therefore
16 dismisses this claim. But because it is not clear that amendment is futile, the Court will allow
17 Plaintiff leave to amend. If Plaintiff can plead true facts that cure this deficiency, he must include
18 them in his Fourth Amended Complaint.

19 **B. Counts 2–6**

20 Plaintiff asserts the Court can exercise supplemental jurisdiction over his remaining
21 claims. However, because Plaintiff fails to state a claim for copyright infringement, the Court
22 lacks federal question jurisdiction. The Court cannot undertake a supplemental jurisdiction
23 analysis without a cognizable federal question claim.

24 Alternatively, Plaintiff's allegations indicate that there may be diversity jurisdiction.
25 Diversity jurisdiction exists where the parties are from different states and the amount in
26 controversy exceeds $75,000. 28 U.S.C. § 1332. Here, the parties appear to be diverse. Plaintiff
27 resides in Nevada while Defendants reside in Texas and Georgia.
28

1  However, it is not clear from the TAC whether the amount in controversy requirement is met. Plaintiff seeks compensatory damages for emotional distress and reputational harm but does not quantify such damages. ECF No. 10 at 10. The Court also cannot discern the amount of Plaintiff's alleged compensatory damages from the TAC's factual allegations.

Additionally, Plaintiff's request for relief alleges punitive damages in the amount of $80,000 from each defendant. *Id.* Punitive damages may be considered part of the amount in controversy if they are properly pled. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action." (citation omitted)). Courts recognize that to include punitive damages in the amount in controversy, "the party asserting jurisdiction must establish that punitive damages would be permitted under the applicable state law based on the conduct alleged." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2019 WL 1501577, at *4 (N.D. Cal. Apr. 5, 2019).

Plaintiff has not articulated how he is entitled to punitive damages on any of the state law claims. *See In re Volkswagon*, 2019 WL 1501577, at *4. Because Plaintiff has not pled sufficient facts to demonstrate that the amount in controversy exceeds $75,000, the Court cannot find diversity jurisdiction has been established.

As Plaintiff fails to establish jurisdiction under federal question or diversity jurisdiction, Plaintiff's TAC is dismissed without prejudice. The Court will also give Plaintiff leave to amend his complaint. Should Plaintiff choose to amend, he cannot assert a copyright infringement claim—and, in turn, federal question jurisdiction—unless he obtained a copyright registration before the date this lawsuit was first filed. *See Fourth Estate*, 139 U.S. at 301. Additionally, should Plaintiff choose to establish diversity jurisdiction instead, Plaintiff must plausibly allege the amount in controversy exceeds $75,000 by pleading sufficient facts regarding his damages. If Plaintiff seeks to include punitive damages in the amount in controversy, he must articulate which state law statutes entitle him to punitive damages and demonstrate that he is entitled to those damages under the facts alleged. *See In re Volkswagon*, 2019 WL 1501577, at *4.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Third Amended Complaint is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Fourth Amended Complaint is due by April 9, 2025.

DATED: 3/10/2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE