**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| James Dillard, | Case No. 2:24-cv-01143-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Damon Lovell, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Exemption from PACER Fees. ECF No. 31. He explains he is proceeding in forma pauperis and needs access to Pacer to "comply with procedural obligations, prepare amended pleadings, and preserve rights without the assistance of counsel."

As directed by Congress, the Judicial Conference has established the Electronic Public Access Fee Schedule (the "Fee Schedule"). *See* U.S. Cts., Electronic Public Access Fee Schedule, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited Mar. 20, 2025). According to the Fee Schedule, all parties and attorneys of record receive one free electronic copy of documents filed with the court if they are registered with the court's CM/ECF system. *Id*. If not, a party will receive a copy of all orders and filed documents via mail. *Id*. If a party elects to access records electronically, the PACER fee is a modest $0.10 per page retrieved, and the charge for any document is capped at $3, which is equivalent to 30 pages. *Id*. No fee is owed for PACER access until the account holder has accrued charges exceeding $30 in a quarterly billing cycle. *Id*. Further, no fee is charged for access to judicial opinions. *Id*.

The court may, in its discretion, grant exemptions of PACER fees to indigent parties. However, to grant such an exemption, "courts must find. . . an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id*. If granted, the exemption must be "granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption." *Id*. "Exemptions from PACER user fees are uncommon," *Katumbusi v. Gray*, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816,

at *4 (E.D. Cal. Oct. 30, 2014), and "[i]n forma pauperis status alone does not support a request to waive PACER fees." *Id.*

Plaintiff has not sufficiently justified a waiver of all PACER fees. To begin, he has not shown that his request is necessary to avoid unreasonable burden. At this juncture, the Court must still screen his fourth amended complaint and determine whether he has plausibly stated claims for relief. Thus, this case has not progressed beyond the pleading stage.

Next, Plaintiff presumably has copies of his prior pleadings and this Court's orders. Moreover, as explained above, access to orders is free. As such, Plaintiff already has access to the materials he needs at this stage of these proceedings. The Court finds that an exemption of PACER fees is neither appropriate nor warranted at this time. Accordingly, Plaintiff's Motion is denied without prejudice.

## I. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Exemption from PACER Fees (ECF No. 31) is **DENIED without prejudice**.

DATED: July 7, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE