**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

James H Dillard, II,

               Plaintiff,

    v.

Damon Lovell, et al.,

               Defendants.

Case No. 2:24-cv-01143-APG-BNW

**Order and
Report and Recommendation**

This Court previously screened Plaintiff's Third Amended Complaint and granted him leave to amend. Plaintiff filed his Fourth Amended Complaint asserting copyright infringement and related torts arising from Defendants' alleged posting and monetization of his copyrighted works. This Court now screens Plaintiff's Fourth Amended Complaint (ECF No. 26) as required by 28 U.S.C. § 1915(e)(2).

**I.      ANALYSIS**

    **A.      Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Screening the complaint**

Plaintiff James Dillard brings this action alleging that Defendants engaged in a coordinated campaign of copyright infringement, defamation, harassment, and privacy violations arising from their repeated posting, use, and monetization of his copyrighted works on various online platforms. Plaintiff further alleges that Defendants published false and defamatory statements about him, disclosed his personal information, and otherwise targeted him online, causing reputational harm, emotional distress, and financial losses. The named Defendants are Damon Lovell, Kenneth Rucker, Marquis Edwards, and Rumble, Inc. Plaintiff brings the following claims: (1) willful copyright infringement under 17 U.S.C. § 501; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) defamation per se and false light; (5) intentional infliction of emotional distress; (6) civil extortion; (7) invasion of privacy and unauthorized data access; (8) fraudulent misrepresentation under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f); (9) malicious abuse of copyright enforcement systems; (10) failure to comply with DMCA safe harbor requirements, 17 U.S.C. § 512(c); (11) doxxing and privacy violations; and (12) civil conspiracy. Plaintiff seeks statutory, compensatory, and punitive damages, injunctive and declaratory relief, removal of allegedly infringing and defamatory content, and an award of attorneys' fees and costs.

**1.    Claim No. 1: Willful copyright infringement under 17 U.S.C. § 501**

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).

Plaintiff alleges that Defendants reproduced, displayed, and distributed his registered copyrighted works—including *"DJ Torch Music Photo 1 (151 Photographs)"* and *"Things Black Men Should Focus on Instead of Constantly Blaming Black Women…"*—in numerous online videos, livestreams, and posts across platforms such as YouTube, Facebook, and Rumble without authorization. He further alleges that Defendants continued posting the material after receiving Digital Millennium Copyright Act (DMCA) takedown notices and used the content for financial gain and to ridicule or harass him, causing alleged financial loss, reputational harm, and emotional distress. As a result, Plaintiff has sufficiently alleged copyright infringement against Defendants Damon Lovell, Kenneth Rucker, and Marquis Edward.[1]

While Plaintiff includes Rumble as a Defendant for this claim, he explains that Rumble's role was limited to not removing the material. As explained in more detail below, that type of allegation is better captured by his second claim. As a result, this Court will dismiss Claim No. 1 against Defendant Rumble with leave to amend should Plaintiff wish to assert that Rumble's conduct included the posting of copyrighted material.

## 2. Claim No. 2: Contributory copyright infringement

To state a claim for contributory copyright infringement, a Plaintiff must allege that a defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007) (internal quotation marks omitted).

Plaintiff alleges that Defendant Rumble had actual or constructive knowledge that infringing content containing his copyrighted material was being posted on its platform but nevertheless continued to host and provide access to that material. He further alleges that despite

---

[1] Nothing in this order preclude Defendants from filing a motion to dismiss any of the claims that this Court determines may move forward under the screening standard.

receiving numerous DMCA takedown notices identifying the infringing content, Rumble failed to timely remove the material or disable accounts responsible for repeated infringement, thereby materially contributing to the alleged infringement and causing Plaintiff financial, reputational, and emotional harm. As a result, Plaintiff has alleged a factual basis for this claim to proceed against Rumble.

### 3. Claim No. 3: Vicarious copyright infringement

To prevail on a claim of vicarious liability for copyright infringement, a Plaintiff must establish that the Defendant has "(1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 746 (9th Cir. 2019).

Plaintiff alleges that Defendant Rumble had the right and ability to control the allegedly infringing activity occurring on its platform and derived a direct financial benefit from that activity through the monetization of videos incorporating Plaintiff's copyrighted works. As a result, Plaintiff has sufficiently alleged a factual basis for this claim to proceed against Defendant Rumble.

### 4. <u>Defamation per se and false light</u>

Plaintiff alleges that Defendants Damon Lovell and Kenneth Rucker published numerous false statements about him on online platforms, including YouTube, Facebook, and Rumble, falsely accusing him of criminal conduct, substance abuse, financial instability, and parental negligence. He further alleges that Defendants selectively edited and misrepresented his statements and content to portray him in a misleading and harmful manner, which he claims damaged his reputation and caused emotional distress.

### 4a. <u>Defamation per se</u>

To state a claim for defamation, Plaintiff must allege the following elements: "(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Rosen v. Tarkanian*, 135 Nev. 436, 442, 453 P.3d 1220, 1225 (2019); *see also* Nev. Rev. Stat. § 200.510(1) (defining libel). "A statement is defamatory when, '[u]nder any

reasonable definition[,] such charges would tend to lower the subject in the estimation of the community and to excite derogatory opinions against him and to hold him up to contempt.' " *Posadas v. City of Reno*, 109 Nev. 448, 453, 851 P.2d 438, 442 (1993) (*quoting Las Vegas Sun v. Franklin*, 74 Nev. 282, 287, 329 P.2d 867, 869 (1958)). "In determining whether a statement is actionable for the purposes of a defamation suit, the court must ask whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact." *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 715, 57 P.3d 82, 88 (2002) (internal citations omitted).

Some classes of defamatory statements—known as "defamation per se"—are considered so likely to cause serious injury to reputation and pecuniary loss that these statements are actionable without proof of damages. *K-Mart Corp. v. Washington*, 109 Nev. 1180, 1194, 866 P.2d 274, 284 (Nev. 1993) (overruled in part on other grounds). A statement is considered defamation per se, "if it falls into one of usually four categories: (1) imputations that plaintiff has committed a crime; (2) imputations that would injure plaintiff's trade, business or office; (3) imputations that the plaintiff has contracted a loathsome disease; and ... (4) imputations of unchastity in a woman." *Branda v. Sanford*, 97 Nev. 643, 646, 637 P.3d 1223, 1125 (1981).

Here, Plaintiff simply concludes that the statements made were expressed as statements of fact and not opinions. But that type of conclusory language is insufficient to assert a claim. Additional factual allegations are needed to support the conclusion that the statements were expressed as a statement of fact. As a result, this claim will be dismissed with leave to amend.

### 4b. **False light**

Under Nevada law, a false light claim exists when one "gives publicity to a matter concerning another that places the other before the public in a false light ... if ... (a) the false light in which the other was placed would be highly offensive to a reasonable person, and ... (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Franchise Tax Bd. Of Cal. V. Hyatt*, 133 Nev. 826, 844–5, 407 P.3d 717, 735 (2017).

Here, Plaintiff simply provides the category of statements at issue but does not provide any other factual basis to conclude that the statements would be highly offensive to a reasonable person. As a result, this claim will be dismissed with leave to amend.

### 5. Intentional infliction of emotional distress

To establish a cause of action for IIED, a plaintiff must allege the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) extreme or severe emotional distress actually suffered by the plaintiff; and (3) actual or approximate causation. *Olivero v. Lowe*, 116 Nev. 395, 398, 995 P.2d 1023, 1025 (2005).

Plaintiff alleges that Defendants engaged in extreme and outrageous conduct by carrying out a coordinated online harassment campaign against him from June 2023 through April 2025. According to the complaint, this conduct included defamatory broadcasts, reposting allegedly infringing content, doxxing, and encouraging others to target Plaintiff online, which he claims caused severe emotional distress, including anxiety, humiliation, and disruption of his daily life. Given the liberality with which courts screen these complaints, Plaintiff has sufficiently alleged a claim for IIED against Defendants.

### 6. Civil extortion

Plaintiff alleges that on March 25, 2024, Defendant Kenneth Rucker publicly threatened to continue publishing defamatory and harassing content about him during livestream broadcasts unless Plaintiff abandoned his legal claims. According to the complaint, these threats were intended to intimidate and coerce Plaintiff into relinquishing his legal rights and caused him emotional distress, reputational harm, and additional litigation-related expenses.

### 6a. Civil extortion under Nevada law

The extortion statute in Nevada does not provide a civil remedy. *Topolewski v. Blyschak*, No. 2:16-cv-01588-JAD-NJK, 2018 WL 1245504 * 3 (D. Nev. Mar. 8, 2018) ("The civil-extortion claim is not recognized as a cause of action in Nevada."); *see also Williamson v. Gunvalson*, No. 2:13-cv-02022-JAD-GWF, 2015 WL 3948822, at *14 (D. Nev. June 25, 2015) ("the extortion statute in Nevada does not provide a civil remedy."); *see also Bundi v. Norton*, No. 2:19-cv-02049-KJD-DJA, 2021 WL 131258 (D. Nev. Jan. 12, 2021)( "The Court agrees…

there is no civil extortion remedy available under Nevada law). As a result, this Court recommends that this claim be dismissed with prejudice.

### 6b.    Civil extortion under federal law

This Court construes this claim as a civil RICO claim. "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *United Broth. of Carpenters and Joiners of Am. v. Building and Const. Trades Dept., AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014). A "pattern" is defined in § 1961(5) as "at least two" predicate acts in a 10-year period. In addition, "racketeering activity" requires "predicate acts," which

> include any act "indictable" under specified federal statutes, [18 U.S.C.] §§ 1961(1)(B)–(C), (E)–(G), as well as certain crimes "chargeable" under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is "punishable" under federal law, § 1961(1)(D). A predicate offense implicates RICO when it is part of a "pattern of racketeering activity"—a series of related predicates that together demonstrate the existence or threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S.Ct. 2893, 106 L.Ed.2d 195] (1989); *see* § 1961(5) (specifying that a "pattern of racketeering activity" requires at least two predicates committed within 10 years of each other).

*RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 330 (2016).

Here, Plaintiff only alleges *one act*—which falls short of the statutory requirement. In addition, the coercive act Plaintiff alleges do not qualify as a RICO predicate because coercion in Nevada requires the use of physical force. *Judd v. State*, 140 Nev. Adv. Op. 21, 547 P.3d 138 (Ct. App. 2024). While it does not appear that the alleged conduct will give rise to a RICO violation, this Court will dismiss the claim with leave to amend.

### 7.  Invasion of Privacy and Unauthorized Data Access

Plaintiff alleges that Defendants accessed and publicly disclosed his personal information without consent, including his residential address, property ownership details, and other private information, through livestreams, social media posts, and online comments. He claims these disclosures were intended to harass and intimidate him and exposed him to doxxing and stalking.

Nevada has impliedly recognized actions for invasion of privacy, which require the public disclosure of private facts which would be offensive and objectionable to a reasonable person of ordinary sensibilities. *Montesano v. Donrey Media Grp.*, 99 Nev. 644, 649 668 P.2d 1081, 1084 (1983). Given the alleged facts, this claim may proceed against Defendants.[2]

### 8. Claim No. 8: Fraudulent Misrepresentation

Plaintiff alleges that Defendant Kenneth Rucker knowingly submitted false DMCA counter-notifications to online platforms falsely claiming authorization to use Plaintiff's copyrighted works, which allegedly resulted in the reinstatement of infringing content and caused Plaintiff additional harm. At the heart of Plaintiff's allegation is the act of reinstating infringing content on to the different platforms. This claim is adequately alleged through Claims 1 and 2 and asserting it as a separate claim would be duplicative. As a result, this Court recommends that this claim be dismissed without leave to amend.

### 9. Claim No. 9: Malicious Abuse of Copyright Enforcement

Plaintiff alleges that Defendants engaged in a coordinated scheme to misuse the DMCA enforcement process by filing false counter-notifications, repeatedly re-uploading previously removed infringing content, and encouraging others to misuse the system. As with claim No. 8, the infringing conduct is adequately alleged through Claims 1 and 2 and asserting it as a separate claim would be duplicative. As a result, this Court recommends that this claim be dismissed without leave to amend.

### 10. Claim No. 10: Failure to Comply with DMCA Safe Harbor Requirements

Plaintiff alleges that Defendant Rumble failed to comply with the requirements necessary to qualify for safe harbor protection under the DMCA by ignoring numerous takedown notices and failing to implement or enforce an effective policy for terminating repeat infringers. According to the complaint, Rumble continued hosting and allowing access to infringing content despite receiving multiple notices identifying the violations, thereby enabling the alleged

---

[2] This Court construes Invasion of Privacy and Unauthorized Data Access as one claim. Should this be incorrect, Plaintiff is free to amend.

infringement to continue. This conduct is adequately alleged through Claim 2 and asserting it as a separate claim would be duplicative. As a result, this Court recommends that this claim be dismissed without leave to amend.

### Claim No. 11: Doxxing and Privacy Violations

Plaintiff alleges that Defendants Damon Lovell and Kenneth Rucker publicly disclosed his personal and identifying information—including his residential address, property records, and information about individuals associated with him—through livestreams and social media posts. He alleges these disclosures were intended to intimidate and harass him and exposed him to threats and hostility. This conduct is adequately alleged through Claim 7 and asserting it as a separate claim would be duplicative. As a result, this Court recommends that this claim be dismissed without leave to amend.

### Claim No. 12: Civil Conspiracy

Plaintiff alleges that Defendants Damon Lovell, Kenneth Rucker, and Marquis Edwards agreed and acted together to harass, defame, dox, and infringe his copyrighted works through coordinated livestreams, shared content uploads, and other online activity. According to the complaint, Defendants collaborated in reposting allegedly infringing content, filing counter-notifications, and disseminating Plaintiff's personal information, which he claims caused reputational, financial, and emotional harm.

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 303, 662 P.2d 610, 622 (1983). Plaintiff's allegations sufficiently allege this claim.

### C.      Instructions for amendments

If Plaintiff chooses to file an amended complaint, the document must be titled "Fifth Amended Complaint" and must contain a short and plain statement describing the underlying case and the Defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Additionally, Plaintiff is advised that if he files a Fifth Amended Complaint, the previous complaint (ECF No. 26) no longer serves any function in this case. As such, the Fifth Amended Complaint must be complete

in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**D.    Conclusion**

**IT IS THEREFORE ORDERED** that the following claims may proceed against the following Defendants:

Claim No.1: Willful copyright infringement under 17 U.S.C. § 501, may proceed against Defendants Damon Lovell, Kenneth Rucker, and Marquis Edward.

Claim No. 2: Contributory copyright infringement may proceed against Defendant Rumble.

Claim No. 3: Vicarious copyright infringement may proceed against Defendant Rumble.

Claim No. 5: Intentional infliction of emotional distress may proceed against all Defendants.

Claim No. 7: Invasion of Privacy against all Defendants.

Claim No. 12: Civil Conspiracy against Defendants Damon Lovell, Kenneth Rucker, and Marquis Edwards.

**IT IS FURTHER ORDERED** that the following claims are dismissed with leave to amend:

Claim No.1: Willful copyright infringement under 17 U.S.C. § 501 against Defendant Rumble.

Claim 4a:  Defamation per se against Defendants Damon Lovell and Kenneth Rucker.

Claim 4b: False light against Defendants Damon Lovell and Kenneth Rucker.

Claim 6b: Civil extortion under federal law against Defendant Kenneth Rucker.

**IT IS THEREFORE RECOMMENED** that the following clams be dismissed with prejudice:

Claim No. 6a: Civil extortion under Nevada law

**IT IS FURTHER RECOMMENDED** that the following claims be dismissed without leave to amend:

Claim No. 8: Fraudulent Misrepresentation

Claim No. 9: Malicious Abuse of Copyright Enforcement

Claim No. 10: Failure to Comply with DMCA Safe Harbor Requirements

Claim No. 11: Doxxing and Privacy Violations

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to the following Defendants: Damon Lovell, Kenneth Rucker, Marquis Edwards, and Rumble, Inc.; (2) deliver the summons along with 4 copies of the Fourth Amended Complaint (ECF No. 26) to the U.S. Marshal for service; and (3) mail Plaintiff 4 blank copies of Form USM-285. Once Plaintiff receives the USM-285 forms, Plaintiff must fill in Defendants' last-known addresses so that the Defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 10, 2026, to send the U.S. Marshal the required Form USM-285. Within 21 days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff will have until April 10, 2026, to file a Fifth Amended Complaint. Failure to file a Fifth Amended Complaint by that date may result in the case proceeding only on the claims this Court determined can move forward in this Order.

DATED: March 13, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE